1      UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF ALASKA
2

3  METLAKATLA INDIAN COMMUNITY, )
                                )
4          Plaintiff,           )
                                )
5      vs.                      ) CASE NO. 5:20-cv-00008-SLG
                                )
6  MICHAEL J. DUNLEAVY, et al., )
                                )
7          Defendants.          )
   _____ )
8

9    PARTIAL TRANSCRIPT OF MOTION HEARING RE MOTION FOR SUMMARY
          JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT
10       **BEFORE THE HONORABLE SHARON L. GLEASON, DISTRICT JUDGE**
                       February 15, 2024
11                  11:09 a.m. - 12:14 p.m.
                       Juneau, Alaska
12

13 **FOR THE PLAINTIFF:**
       Haglund Kelley, LLP
14     BY:  CHRISTOPHER G. LUNDBERG
       2177 SW Broadway
15     Portland, Oregon 97201
       (503) 225-0777
16

17 **FOR THE DEFENDANTS:**
       Alaska Department of Law, Natural Resources Section
18     BY:  CHRISTOPHER F. ORMAN
       123 4th Street, Suite 600
19     Juneau, Alaska 99801
       (907) 465-4136
20

21

22                    **SONJA L. REEVES**
                **Registered Diplomate Reporter**
23               **Certified Realtime Reporter**
                **Federal Official Court Reporter**
24                222 West 7th Avenue, #4
                   Anchorage, Alaska 99513
25       Transcript Produced from the Stenographic Record

 1  **FOR THE UNITED STATES OF AMERICA:**
       U.S. Department of Justice
 2     Environmental and Natural Resources Division
       BY:   DARON CARREIRO
 3     999 18th Street, South Terrace #370
       Denver, Colorado 80202
 4     (202) 305-1117

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          (Call to Order of the Court at 11:09 a.m.)

2          (Proceedings took place that are not included in this

3     partial transcript, after which, proceedings continued as

4     follows:)

5          THE COURT:  I have it right here.  Well, then, might

6     as well segue to the question I sent out earlier this week.

7          How do you interpret that paragraph responding to

8     Alaska's second argument?

9          MR. ORMAN:  Your Honor is one step ahead of me.  I

10    appreciate that.

11         So when you look at how this case -- how the decision

12    was framed, it walks through the *Winters* doctrine and analyzes

13    the *Winters* doctrine, then notes where it's been applied, the

14    one case that's ever applied the *Winters* doctrine to implied

15    off-reservation fishing rights.

16         Then, as the Court is analyzing, in my opinion -- and

17    Your Honor has read the briefing here -- that paragraph that

18    you sent, to me, is extremely important because it recognizes

19    in the language here that, "Alaska argues that the Community is

20    foreclosed from claiming an implied right to off-reservation

21    fishing because Metlakatlans had no aboriginal rights to

22    preserve."

23         So specifically addressing the State saying this tribe

24    doesn't have aboriginal rights that could have been preserved,

25    noting then the *U.S. v. Michigan* framework right there,

1    flashing back to it.

2            Then the next sentence, "However, as discussed above,

3    Metlakatlans and their Tsimshian ancestors asserted and

4    exercised the right to fish in these waters since time

5    immemorial."  To me, that is expressly aboriginal rights

6    language.  Again, we're going back to *U.S. v. Michigan*.

7            And then, "In passing the 1891 Act, Congress confirmed

8    the continued existence of the right."  And to me, the next

9    language that becomes really important is -- or not even next

10   language; it was previously in this decision, key cite 1045,

11   "The Ninth Circuit held that the 1891 Act preserved for the

12   Community and its members an implied right."  Preserved.

13           If this wasn't about aboriginal rights, wasn't about

14   aboriginal rights being extinguished, the continued existence

15   of an aboriginal right, the language of "preserved" wouldn't be

16   applicable; *U.S. v. Michigan* wouldn't have needed to be cited.

17   It could have been an entirely different rule, but the Court

18   specifically walked through the *Winters* doctrine, recognized

19   the only case that's found in implied off-reservation fishing

20   right outside of the Palmer Stevens treaty cases, and then

21   basically seems to be pegging off each one of the four elements

22   of the *U.S. v. Michigan* -- and I know counsel doesn't like it

23   when I say "test," -- but the four *U.S. v. Michigan* things that

24   it identified in that case as instructive and dispositive.

25           (Requested excerpt concluded, proceedings continued.)

1                           CERTIFICATE

2       I, Sonja L. Reeves, Federal Official Court Reporter in and
     for the United States District Court of the District of Alaska,
3    do hereby certify that the foregoing transcript is a true and
     accurate transcript from the original stenographic record in
4    the above-entitled matter and that the transcript page format
     is in conformance with the regulations of the Judicial
5    Conference of the United States.

6       Dated this 5th day of June, 2024.

7

8                              /s/ Sonja L. Reeves
                            SONJA L. REEVES, RDR-CRR
9                           FEDERAL OFFICIAL COURT REPORTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25