**Christopher Lundberg,** OSB No. 941084
(pro hac vice)
Email: clundberg@hk-law.com
**Joshua J. Stellmon,** OSB No. 075183
(pro hac vice)
Email: jstellmon@hk-law.com
**Christopher T. Griffith,** OSB No. 154664
(pro hac vice)
Email: cgriffith@hk-law.com.
**HAGLUND KELLEY LLP**
2177 SW Broadway
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| **METLAKATLA INDIAN COMMUNITY,** a Federally Recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL J. DUNLEAVY**, Governor of the State of Alaska, **DOUG VINCENT-LANG**, Commissioner of the Alaska Department of Fish and Game, and **JAMES E. COCKRELL**, Commissioner of the Alaska Department of Public Safety<br><br>Defendants. | Case No.: 5:20-cv-00008-SLG<br><br>**PARTIES' JOINT MOTIONS TO VACATE THE CURRENT TRIAL DATE, MODIFY THE SCHEDULE, AND BIFURCATE TRIAL ISSUES** |

**PARTIES' JOINT MOTIONS TO VACATE THE CURRENT TRIAL DATE, MODIFY THE SCHEDULE, AND BIFURCATE TRIAL ISSUES**

The parties jointly move: (1) to vacate the trial date currently scheduled for the week of February 10, 2025 and to modify its expert discovery and trial schedule; and (2) to bifurcate this Court's fact-finding on "whether the Community's traditional off-reservation fishing grounds

PAGE 1 – **PARTIES' JOINT MOTIONS TO VACATE THE CURRENT TRIAL DATE, MODIFY THE SCHEDULE, AND BIFURCATE TRIAL ISSUES**

**HAGLUND KELLEY LLP**
**2177 SW Broadway**
**Portland, OR 97201**
**T: (503) 225-0777 / F: (503) 225-1257**

Case 5:20-cv-00008-SLG    Document 81    Filed 10/28/24    Page 1 of 6

included the waters within Alaska Districts 1 and 2" from any briefing or fact-finding on the State of Alaska's limited entry permit program and the conservation-necessity principle.

The parties' requests comply with Federal Rules of Civil Procedure, Rule 6(b) (good cause) and Rule 42 (bifurcation).

**I. Given the complex nature of this expert-driven case, good cause exists to vacate the February 2025 trial date, to amend the expert discovery and motion schedule, and to schedule a new trial date.**

The parties request amending this Court's trial schedule to accommodate the Defendants' expert discovery. Pursuant to Federal Rule of Civil Procedure 6(b), this Court may modify deadlines and trial dates for good cause.

Good cause exists to vacate the current trial date and adjust the various deadlines. The parties have diligently engaged in discovery. The Defendants and the Defendants' expert's review of historical documents and records has proven more extensive than originally anticipated. Additional time will ensure the Defendants' expert has the opportunity to complete a thorough analysis of the historical record and the key issues here. Further, additional time will ensure the parties have the time to accommodate rebuttal expert reports, expert depositions, and additional motion practice that will likely be necessary after completing those depositions. For these reasons, the parties assert that good cause exists under Rule 6(b) to vacate the February 2025 trial date and to adjust the schedule to ensure this Court receives the best expert evidence possible to decide the key factual issue before it.

The parties have agreed to the following expert discovery and motion deadlines:

- January 17, 2025: Expert Witness Disclosures
- February 17, 2025: Expert Witness Rebuttal Reports
- March 19, 2025: Deadline for Expert Witness Depositions

PAGE 2 – **PARTIES' JOINT MOTIONS TO VACATE THE CURRENT TRIAL DATE, MODIFY THE SCHEDULE, AND BIFURCATE TRIAL ISSUES**

HAGLUND KELLEY LLP
2177 SW Broadway
Portland, OR 97201
T: (503) 225-0777 / F: (503) 225-1257

Case 5:20-cv-00008-SLG  Document 81  Filed 10/28/24  Page 2 of 6

- Dispositive Motions Within 30 Days of Final Expert Deposition with Opposition and Reply Deadlines Set Per Local Rule 7.2(b).
- The parties propose an August 2025 trial date at the Court's convenience.

If the Court would prefer to hold a hearing to discuss a new trial date with the parties, the parties defer to the Court.

**II. The parties jointly request this Court bifurcate the fact finding on "whether the Community holds an off-reservation fishing right in Alaska fishing districts 1 and 2" from its consideration of the State's limited entry permit program and the conservation-necessity principle.**

Under Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Consistent with Rule 42(b), the parties move for an order bifurcating the trial into two separate phases. The first phase, which the parties request to hold in August of 2025, will address the scope of Plaintiff's federally reserved fishing rights, and the second phase will evaluate whether the State of Alaska's limited entry program complies with the conservation necessity principle as applied to those rights.

Separating the trial into two phases will allow the Court to efficiently resolve the remaining issues in the case because the scope issue is distinct from the regulatory incompatibility issue. As such, the first phase will be focused only on the facts necessary to establish the scope of the Community's fishing rights. The Court's findings about the scope will inform the second phase and the parties' motion practice, allowing the parties to more precisely address the incompatibility question.

Furthermore, the parties believe that the legality of the application of the limited entry program to the Community's reserved rights will not require a fact-finding trial. The parties

PAGE 3 – **PARTIES' JOINT MOTIONS TO VACATE THE CURRENT TRIAL DATE, MODIFY THE SCHEDULE, AND BIFURCATE TRIAL ISSUES**

HAGLUND KELLEY LLP
2177 SW Broadway
Portland, OR 97201
T: (503) 225-0777 / F: (503) 225-1257

Case 5:20-cv-00008-SLG   Document 81   Filed 10/28/24   Page 3 of 6

believe that briefing should be sufficient to resolve whether the State's limited entry program complies with the conservation-necessity principle such that it can apply to the Community's rights. If the Court determines after briefing that there are facts in dispute, the Court would then hold a trial to determine the resolve those factual disputes.

Bifurcation will also avoid confusing legal standards and factual determinations necessary for resolving the scope of the Community's federally reserved fishing right with those necessary for assessing the legality of requiring the Community to comply with the State's limited entry program. Each phase requires different presentations and legal arguments. The Court, the parties, and the pursuit of justice itself would all be best served by handling the two remaining questions in a two-step manner rather than simultaneously.

Lastly, the parties' request to bifurcate is consistent with this Court's holding in its June 2024 "Order re Motions for Summary Judgment."[1] In that Order, the Court acknowledged it must first determine "whether the Community holds an off-reservation fishing right in Alaska fishing districts 1 and 2." Only after determining if the Community "holds an off-reservation fishing right in Alaska fishing districts 1 and 2" would the Court then consider the conservation-necessity principle and "what aspects of the State's limited entry program are incompatible with the Community's off-reservation fishing rights."[2]

Assuming this Court bifurcates these two issues as described herein, the parties propose a scheduling conference promptly after trial on the factual question of "whether the Community's

---

[1] ECF Doc. #70, p. 25 – 27 (June 4, 2024).
[2] *Id*.

PAGE 4 – **PARTIES' JOINT MOTIONS TO VACATE THE CURRENT TRIAL DATE, MODIFY THE SCHEDULE, AND BIFURCATE TRIAL ISSUES**

**HAGLUND KELLEY LLP**
2177 SW Broadway
Portland, OR 97201
T: (503) 225-0777 / F: (503) 225-1257

Case 5:20-cv-00008-SLG   Document 81   Filed 10/28/24   Page 4 of 6

traditional off-reservation fishing grounds included the waters within Alaska Districts 1 and 2."[3] At that scheduling conference, this Court would set a briefing schedule and potential trial date to address "what aspects of the State's limited entry program are incompatible with the Community's off-reservation fishing rights."[4]

## IV. CONCLUSION

Based on the parties' joint agreement and for the reasons expressed above, the parties respectfully request that the Court vacate the February 2025 trial date and modify the expert discovery schedule. The parties also jointly request this Court enter an order bifurcating the trial into two phases: one phase addressing "whether the Community holds an off-reservation fishing right in Alaska fishing districts 1 and 2" and a second phase addressing the State of Alaska's limited entry program and the conservation-necessity principle.

DATED this 28th day of October, 2024.

By: /s/ Christopher Lundberg
Christopher Lundberg, OSB No. 941084
(pro hac vice)
Email: clundberg@hk-law.com
Joshua J. Stellmon, OSB No. 075183
(pro hac vice)
Email: jstellmon@hk-law.com
Christopher T. Griffith, OSB No. 154664
(pro hac vice)
Email: cgriffith@hk-law.com
Haglund Kelley LLP
2177 SW Broadway
Portland, OR 97201
(503) 225-0777

*Attorneys for Plaintiff*

By: /s/ Christopher F. Orman
Christopher F. Orman, Alaska Bar No. 1011099
Email: christopher.orman@alaska.gov
Alaska Department of Law
123 4th Street, Suite 600
Juneau, AK 99801
(907) 465-4136

*Attorney for Defendants*

---

[3] *Id.*

[4] *Id.*

PAGE 5 – **PARTIES' JOINT MOTIONS TO VACATE THE CURRENT TRIAL DATE, MODIFY THE SCHEDULE, AND BIFURCATE TRIAL ISSUES**

**HAGLUND KELLEY LLP**
2177 SW Broadway
Portland, OR 97201
T: (503) 225-0777 / F: (503) 225-1257

Case 5:20-cv-00008-SLG   Document 81   Filed 10/28/24   Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **PARTIES' JOINT MOTIONS TO VACATE THE CURRENT TRIAL DATE, MODIFY THE SCHEDULE, AND BIFURCATE TRIAL ISSUES** was filed with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No.: 5:20-cv-00008-SLG who are registered CM/ECF users will be served by the CM/ECF system.

DATED October 28, 2024.

**HAGLUND KELLEY LLP**

By: /s/ Christopher Lundberg
Christopher Lundberg, OSB No. 941084
(pro hac vice)
Email: clundberg@hk-law.com
Joshua J. Stellmon, OSB No. 075183
(pro hac vice)
Email:  jstellmon@hk-law.com
Christopher T. Griffith, OSB No. 154664
(pro hac vice)
Email: cgriffith@hk-law.com.
2177 SW Broadway
Portland, OR 97201
(503) 225-0777

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

**HAGLUND KELLEY LLP**
**2177 SW Broadway**
**Portland, OR 97201**
**T: (503) 225-0777 / F: (503) 225-1257**

Case 5:20-cv-00008-SLG     Document 81     Filed 10/28/24     Page 6 of 6