TREG TAYLOR
ATTORNEY GENERAL

Christopher F. Orman (Alaska Bar No. 1011099)
Assistant Attorney General
Alaska Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-3019
Email: *christopher.orman@alaska.gov*

Attorney for the State of Alaska

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| METLAKATLA INDIAN COMMUNITY, a Federally Recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. DUNLEAVY, Governor of the State of Alaska,<br>DOUG VINCENT-LANG, Commissioner of the Alaska Department of Fish and Game, and JAMES E. COCKRELL, Commissioner of the Alaska Department of Public Safety,<br><br>Defendants. | Case No.: 5:20-cv-00008-SLG<br><br>**DEFENDANTS' NON-OPPOSITION TO CENTRAL COUNCIL'S MOTION TO DISMISS** |

## DEFENDANTS' NON-OPPOSITION TO CENTRAL COUNCIL'S MOTION TO DISMISS

The Defendants non-oppose Central Council of Tlingit and Haida Indian Tribes of

Alaska's (Central Council's) motion to dismiss the Metlakatla Indian Community's

complaint for lack of subject matter jurisdiction. Central Council asserts the Metlakatla

Indian Community's complaint must be dismissed because under Federal Rules of Civil

*MIC v. Dunleavy, et al.*                                              Civil Action No.: 5:20-cv-00008-SLG
Defendants' Non-Opposition to Central Council's Motion                 Page 1 of 6
Case 5:20-cv-00008-SLG     Document 111     Filed 07/14/25     Page 1 of 6

Procedure, Rule 19, Central Council is a necessary party in this litigation and they cannot be joined due to tribal sovereign immunity. The Defendants agree.

It is the State of Alaska's position that tribes are not necessary parties to all litigation that touch upon their interests; particularly litigation challenging final federal actions under the Administrative Procedure Act. But this is not an APA case, and the State also acknowledges that, in the words of the Ninth Circuit, there is a "wall of circuit authority requiring dismissal when a . . . [Tribe] . . . cannot be joined due to its assertion of tribal sovereign immunity."[1] The general rule from these cases is: (1) the Court must determine if the Tribe is a necessary party;[2] and (2) if the Tribe is a necessary party, then the litigation must be dismissed unless the Tribe has waived its sovereign immunity.

For the reasons detailed in their motion to dismiss, Central Council is a necessary party. Central Council's Motion to Dismiss, ECF No. 96 (June 30, 2025). However, the Defendants do want to highlight why Central Council is a necessary party.

---

[1] *Maverick Gaming LLC v. United States*, 123 F.4th 960, 971 (9th Cir. 2024). *See also Deschutes River Alliance v. Portland General Electric Company*, 1 F.4th 1153 (9th Cir. 2021); *Jamul Action Committee v. Simermeyer*, 974 F.3d 984 (9th Cir. 2020); *American Greyhound Racing Inc. v. Hull*, 305 F.3d 1015 (9th Cir. 2002); and *Dawavendewa v. Salt River Project Agr. Imp. And Power Dist.*, 276 F.3d 1150 (9th Cir. 2002).

[2] *White v. University of California*, 765 F.3d 1010, 1026 (9th Cir. 2014) ("Rule 19(a) provides a two-pronged inquiry for determining whether a party is 'necessary.' First, the court must determine whether complete relief can be afforded if the action is limited to the existing parties. Second, the court must determine whether the absent party has a 'legally protected interest' in the subject of the action and, if so, whether the party's absence will impair or impede the party's ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest.").

*MIC v. Dunleavy, et al.*                                                      Civil Action No.: 5:20-cv-00008-SLG
Defendants' Non-Opposition to Central Council's Motion                 Page 2 of 6
Case 5:20-cv-00008-SLG     Document 111     Filed 07/14/25     Page 2 of 6

Adjudicating the Metlakatlans' "traditional fishing grounds" in Southeast Alaska will directly affect the rights Central Council holds.[3] Before the Court of Claims, the Tlingit and Haida proved they used Southeast Alaska's lands and waters "*to the exclusion of other Indians* and of white explorers, traders, miners, and settlers."[4] The Tlingit and Haida proved that all of Southeast Alaska's waters were "exclusive" fisheries; that they "used and occupied the land to the exclusive of other Indian groups" and that there were *not* "two or more tribes that inhabit[ed]" Southeast Alaska's waters.[5] Because the Tlingit and Haida had *exclusive* use of Southeast Alaska's waters, *no one – including the Metlakatla Indian Community – can successfully assert* they had a traditional *non-exclusive* fishing location in Southeast Alaska prior to the federal government's adoption of the open fisheries policies in 1896; a policy adopted 5 years *after* Congress created the Annette Islands Reserve.[6] Only Central Council, not the State, can address how this Court's fact finding could affect Central Council's Court of Claims rights.[7]

---

[3] *Tlingit and Haida Indians of Alaska v. U.S.*, 147 Ct.Cl. 315, 323 (1959).

[4] *Id.*; *emphasis added*.

[5] *U.S. v. Pueblo of San Ildefonso*, 206 Ct.Cl. 649, 669 (Ct. Cl. 1975).

[6] John H. Clark, Andrew McGregor, Robert D. Mecum, Paul Krasnowski, and Amy Carroll, "The Commercial Salmon Fishery in Alaska," Alaska Fishery Research Bulletin 12(1), p. 2 (2006); available at: https://www.adfg.alaska.gov/fedaidpdfs/AFRB.12.1.001-146.pdf (accessed on July 1, 2025); see also 26 Stat. 1095-1103, sec. 15 (March 3, 1891).

[7] *Wilbur v. Locke*, 423 F.3d 1101 (9th Cir. 2005); *White*, 765 F.3d at 1026. Further, if this is in fact a "usual and accustomed fishing location" case, this Court would likely be forced to consider if a Southeast Alaska Tribe held primary rights and another Tribe held invitee rights. *See U.S. v. Wash.*, 626 F.Supp. 1405, 1472 (W.D. Wash. 1985).

*MIC v. Dunleavy, et al.*                                                Civil Action No.: 5:20-cv-00008-SLG
Defendants' Non-Opposition to Central Council's Motion                      Page 3 of 6
Case 5:20-cv-00008-SLG     Document 111     Filed 07/14/25     Page 3 of 6

More concerning, such findings would require re-writing Tlingit and Haida history.[8] The Court of Claims reviewed a robust historical record of Southeast Alaska. It found the Tlingit and Haida had aboriginal rights—thus use since "time immemorial"—to all of Southeast Alaska's waters.[9] In doing so, the Court of Claims determined that Southeast Alaska's waters were *not* "inhabited, controlled, or wandered over by many tribes or groups."[10] The history reviewed and confirmed by the Court of Claims, showed there were no non-exclusive fisheries in Southeast Alaksa that the Tsimshian or the Metlakatlans were "taking part" in.[11] That is not just Southeast Alaska's history, this is Tlingit and Haida's history. Central Council is a necessary party to protect its history.

Next, Central Council has not waived its sovereign immunity which would allow them to be named in this litigation. In filing their Rule 19 motion to dismiss, the motion

---

[8] Using the political denomination of Metlakatlan interchangeably with the ethnographic denominations of Tlingit, Haida, and Tsimshian ignores that Congress recognized the Metlakatlans were a separate political group comprised of British missionaries (thus non-Indians), as well as Tsimshian and others that may join. 26 Stat. 1095-1103, sec. 15. The 1891 Act was not to settle claims and grant a reservation to the Tlingit, the Haida, or the Tsimshian. *Id*. It was *for the Metlakatlans*.

[9] *Tlingit and Haida Indians of Alaska*, 147 Ct.Cl. at 323.

[10] *U.S. v. Pueblo of San Idefonso*, 206 Ct.Cl. at 669 ("In order for an Indian claimant to prove aboriginal title, there must be a showing of actual, exclusive and continuous use and occupancy for a long time prior to the loss of the land."

[11] To the extent this Court wants to rely on the "law of the case" doctrine, the Ninth Circuit was reviewing the State of Alaska's motion to dismiss and thus reviewed the Metlakatla Indian Community's complaint as though all of the facts asserted were true. *Metlakatla Indian Community v. Dunleavy*, 58 F.4th 1034 (9th Cir. 2023). Further, the Ninth Circuit did not consider the Tlingit and Haida takings litigation and remanded for fact finding, whereby this Court can undertake fact finding which would include considering the ramifications of the Tlingit and Haida takings litigation. *Id*.

*MIC v. Dunleavy, et al.*                                            Civil Action No.: 5:20-cv-00008-SLG
Defendants' Non-Opposition to Central Council's Motion                    Page 4 of 6
Case 5:20-cv-00008-SLG     Document 111     Filed 07/14/25     Page 4 of 6

is for the "for the limited purpose of filing a motion to dismiss under Federal Rules of Civil Procedure 19 and 12(b)(7)."[12] Such limited intervention does not constitute a waiver of sovereign immunity.

For these reasons, under the Ninth Circuit's case law, Metlakatla Indian Community's complaint should be dismissed.

In dismissing this case, the State requests that this Court's order address the effect that the absence of subject matter jurisdiction has on prior orders issued in this case.[13] Without subject matter jurisdiction a court cannot "issue a judgment on the merits and assume [its] *substantive law-declaring power*."[14] This Court and the Ninth Circuit, therefore, lacked subject matter jurisdiction to issue substantive decisions.[15] Those substantive decisions would, for all practical purposes, be void. Because of this, the Metlakatla Indian Community, or its commercial fishermen, cannot rely on those decisions.[16] This Court noting how the absence of subject matter jurisdiction affects those prior orders would bring needed clarity for all parties and for all of Southeast Alaska's commercial fishermen.

---

[12] *Dine Citizens Against Ruining Our Environment v. Bureau of Indian Affairs*, 932 F.3d 843, 850 (9th Cir. 2019).

[13] *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 908 (9th Cir. 2021).

[14] *Id*.

[15] *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 608-609 (1990) (" . . . the proceeding in question was not a *judicial* proceeding because lawful judicial authority was not present and could therefore not yield a *judgment*.").

[16] *E.g. Scudero v. State*, 496 P.3d 381 (Alaska 2021).

*MIC v. Dunleavy, et al.*            Civil Action No.: 5:20-cv-00008-SLG
Defendants' Non-Opposition to Central Council's Motion            Page 5 of 6
Case 5:20-cv-00008-SLG     Document 111     Filed 07/14/25     Page 5 of 6

Lastly, the State's non-opposition to Central Council's motion to dismiss for lack of subject matter jurisdiction is limited to this case. This litigation presents unique legal issues that are the product of the Metlakatlans' unique history. In non-opposing Central Council's motion, the State of Alaska has not waived its right to assert that Rule 19 and tribal sovereign immunity does not apply in certain cases. For example, the State of Alaska maintains that tribal sovereign immunity does not bar the State of Alaska from exercising its appeal rights under the Administrative Procedures Act to challenge: the National Indian Gaming Commission's decisions; opinions that Alaska Tribes have territorial jurisdiction of Alaska native allotments; and the Department of Interior's decisions to place Alaska Tribes' lands into trust.[17]

DATED: July 14, 2025.

> TREG TAYLOR
> ATTORNEY GENERAL
>
> By: /s/ Christopher F. Orman
> Christopher F. Orman
> Assistant Attorney General
> Alaska Bar No. 1011099
> Email: christopher.orman@alaska.gov
> *Attorney for the Defendants*

**CERTIFICATE OF SERVICE**
I hereby certify that on July 14, 2025, I electronically filed the foregoing by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Christopher F. Orman
Christopher F. Orman
Assistant Attorney General

---

[17]  *Kansas v. U.S.*, 249 F.3d 1213 (10th Cir. 2001).

*MIC v. Dunleavy, et al.*  Civil Action No.: 5:20-cv-00008-SLG
Defendants' Non-Opposition to Central Council's Motion  Page 6 of 6
Case 5:20-cv-00008-SLG   Document 111   Filed 07/14/25   Page 6 of 6