# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| METLAKATLA INDIAN COMMUNITY,<br><br>    Plaintiff,<br>  v.<br><br>MICHAEL J. DUNLEAVY, *et al.*,<br><br>    Defendants. | Case No. 5:20-cv-00008-SLG |

## ORDER ON MOTION TO DISMISS

Before the Court at Docket 96 is a Motion to Dismiss for Lack of Jurisdiction filed by the Central Council of Tlingit and Haida Indians of Alaska ("Tlingit & Haida"), the Organized Village of Saxman, the Organized Village of Kasaan, the Craig Tribal Association, the Petersburg Indian Association, and the Wrangell Cooperative Association (collectively, "the Tribes"). Defendants responded in non-opposition at Docket 111.[1] Plaintiff Metlakatla Indian Community ("Metlakatla" or "the Community") responded in opposition at Docket 112. The Tribes filed a reply at Docket 123. Oral argument on the Tribes' motion was held in Juneau, Alaska on September 22, 2025.[2]

---

[1] Defendants are Michael J. Dunleavy, Governor of Alaska; Doug Vincent-Lang, Commissioner of the Alaska Department of Fish and Game; and James E. Cockrell, Commissioner of the Alaska Department of Public Safety (collectively, "the State"). Docket 40 at ¶¶ 4-6 (2d Am. Compl.).

[2] Docket 128.

## BACKGROUND

This case is before the Court on remand.[3] The Court assumes familiarity with the facts, which are provided in more detail in the Court's prior order.[4] As relevant, in August 2020, Metlakatla initiated this lawsuit against officials of the State of Alaska.[5] Metlakatla's Second Amended Complaint ("SAC") alleges that the State's limited entry program used to manage state fisheries "violat[es] the Community's congressionally reserved right to fish in" Metlakatla's "non-exclusive, historical fishing areas."[6] The SAC asserts that "[t]he Metlakatlan people fished predominantly in areas within a day's travel of the Reserve—currently designated by the State of Alaska Department of Fish & Game as Areas 1 and 2."[7] The SAC seeks (1) a declaration "that Congress' reservation of the Annette Islands Reserve for the Metlakatla Indian Community included the non-exclusive right to fish in the areas where they have fished since time immemorial and where they continued to fish in 1891 when their reservation was established, free from unreasonable interference by the defendants, and that such right has not been revoked or diminished"; and (2) "a permanent injunction barring the defendants from asserting

---

[3] Docket 34.

[4] Docket 70 at 2-8 (citing *Metlakatla Indian Cmty. v. Dunleavy*, 58 F.4th 1034 (9th Cir. 2023)).

[5] *See* Docket 1.

[6] Docket 40 at ¶¶ 59-60 (2d Am. Compl.); Docket 70 at 6. The SAC was filed in May 2023 after the Ninth Circuit issued its opinion. *See infra* at n.8.

[7] Docket 40 at ¶ 19 (citing Docket 40 at 23-24, maps showing Areas 1 and 2 as the shaded pink and green areas); Docket 70 at 6.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 2 of 18
Case 5:20-cv-00008-SLG    Document 129    Filed 11/10/25    Page 2 of 18

jurisdiction over the Community and its members inconsistent with the Community's reserved fishing rights, and from otherwise unreasonably interfering with the Community's reserved fishing rights[.]"[8]

In February 2021, the Court held that the Community did not have implied off-reservation fishing rights and entered a judgment in favor of the State.[9] On appeal, the Ninth Circuit reversed, holding that "the 1891 Act preserved for the Community and its members an implied right to non-exclusive off-reservation fishing in the traditional fishing grounds for personal consumption and ceremonial purposes, as well as for commercial purposes."[10] The Circuit Court explained that "Congress' intent in the 1891 Act was that the Metlakatlans would have off-reservation fishing rights that would 'satisfy the future as well as the present needs' of the Community."[11] The Circuit Court further held that "Alaska's limited entry program, as currently administered, is incompatible with the Metlakatlans' off-reservation fishing rights."[12] The Ninth Circuit remanded the case back to this Court "to allow further proceedings to determine whether the Community's

---

[8] Docket 40 at 20-21.

[9] *See Metlakatla Indian Cmty. v. Dunleavy*, Case No. 5:20-cv-00008-JWS, 2021 WL 960648 (D. Alaska Feb. 17, 2021), *rev'd and remanded*, 58 F.4th 1034 (9th Cir. 2023).

[10] *Metlakatla*, 58 F.4th at 1045.

[11] *Id.* at 1047 (quoting *Arizona v. California*, 373 U.S. 546, 600 (1963)).

[12] *Id.*

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 3 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 3 of 18

traditional off-reservation fishing grounds included the waters within Alaska's Districts 1 and 2."[13]

On remand, the State moved for summary judgment, and the Community cross-moved for summary judgment on its first claim for relief seeking a declaration of an implied reserved right and on several of the State's affirmative defenses.[14] In June 2024, the Court denied the State's motion for summary judgment and granted summary judgment for Metlakatla on its request for the Court to declare that Congress reserved for the Metlakatlans "the non-exclusive right to fish in the areas where they have fished since time immemorial and where they continued to fish in 1891 when their reservation was established, free from unreasonable interference by the defendants, and that such right has not been revoked or diminished[.]"[15] The Court set for trial the issue of "whether the Community's traditional off-reservation fishing grounds included the waters within Alaska's Districts 1 and 2."[16] Further, the Court found that "genuine issues remained as to what aspects of the State's limited entry program are incompatible with the Community's off-reservation fishing rights."[17]

---

[13] *Id.* at 1045.

[14] Docket 42; Docket 47 at 6.

[15] Docket 70 at 24-25 (quoting Docket 40 at 21). The Court denied the State's Motion for Summary Judgment. Docket 70 at 27.

[16] Docket 70 at 25 (quoting *Metlakatla*, 58 F.4th at 1045); Docket 83.

[17] Docket 70 at 26-27.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 4 of 18
Case 5:20-cv-00008-SLG    Document 129    Filed 11/10/25    Page 4 of 18

Trial was initially scheduled for February 2025 but, at the request of both parties, the Court moved the trial to August 2025.[18] On June 30, 2025, the State moved for summary judgment.[19] It asserts that the Metlakatla Community did not have a tradition of fishing in Southeast Alaska's waters; rather, the Metlakatlan Community continued to fish in the Nass and Skeena rivers in British Columbia where they had previously fished even after relocating to the Annette Islands in 1887.[20]

Also on June 30, 2025, the Tribes filed the instant Motion to Dismiss.[21] They "move to dismiss at this juncture because the Court's mandate on remand from the Ninth Circuit involves a determination of what traditional fishing rights, if any, the Metlakatla Indian Community has in Alaska Commercial Fisheries Entry Commission Fishing Districts 1 and 2."[22] The Tribes reason that "[t]his task inescapably requires a determination of traditional Tlingit and Haida fishing rights in those Districts," which "are among the most important cultural and economic property—*at.óow*—of the Tribes' clans."[23] In the Tribes' view, this makes the Tribes required parties to this action, but they cannot be joined due to the Tribes'

---

[18] Docket 74; Docket 83.

[19] Docket 95.

[20] Docket 95-1 at 2.

[21] Docket 96.

[22] Docket 96 at 7.

[23] Docket 96 at 7-8.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 5 of 18
Case 5:20-cv-00008-SLG    Document 129    Filed 11/10/25    Page 5 of 18

sovereign immunity.[24] Hence, the Tribes maintain this action must be dismissed.[25] All deadlines and proceedings in this matter have been stayed pending the Court's resolution of the Tribes' motion.[26]

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1362 because a federally recognized Indian tribe commenced this civil action, and pursuant to 28 U.S.C. § 1331 because this is a civil action with claims arising under federal law, namely, § 15 of the Act of March 3, 1891 and federal Indian common law.[27]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may seek dismissal of an action based on a "failure to join a party under Rule 19." Federal Rule of Civil Procedure 19(a)(1), in turn, requires that

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in

---

[24] Docket 96 at 20-36.

[25] Docket 96 at 36.

[26] Docket 110.

[27] 26 Stat. 1095, 1101 (1891). Section 15 of the Act of March 3, 1891, was codified at 25 U.S.C. § 495, which the Community cited to in its Second Amended Complaint. Docket 40 at ¶ 7. Because 25 U.S.C. § 495 has since been deleted from the U.S. Code, the Court cites to the underlying act. *See supra* note 14.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 6 of 18
Case 5:20-cv-00008-SLG    Document 129    Filed 11/10/25    Page 6 of 18

the person's absence may:

>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

To evaluate a Rule 12(b)(7) motion, a court conducts a three-step inquiry.[28] First, the court determines "whether the absent party is 'required' under Rule 19(a)."[29] In determining whether a person claims an interest relating to the subject of the action, "only 'legally protected' interests warrant protection under Rule 19."[30] "This interest must be more than a financial stake, and more than speculation about a future event."[31] Next, if the absent party is required, the court determines "whether joinder of that party is feasible."[32] Lastly, if joinder is not feasible, the court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[33] "The moving party

---

[28] *Maverick Gaming LLC v. United States*, 123 F.4th 960, 972 (9th Cir. 2024).

[29] *Id.* (citing *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 943 (9th Cir. 2022)).

[30] *Ward v. Apple Inc.*, 791 F.3d 1041, 1051 (9th Cir. 2015) (first citing *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California,* 547 F.3d 962, 970 (9th Cir. 2008); and then citing *Wilbur v. Locke,* 423 F.3d 1101, 1112 (9th Cir. 2005)).

[31] *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (first citing *N. Alaska Env't Ctr. v. Hodel*, 803 F.2d 466, 468; and then citing *McLaughlin v. Int'l Ass'n of Machinists*, 847 F.2d 620, 621 (9th Cir. 1988)).

[32] *Maverick Gaming LLC*, 123 F.4th at 1051 (quoting *Klamath Irrigation Dist.*, 48 F.4th at 943).

[33] *Id.* (quoting Fed. R. Civ. P. 19(b)). In conducting this inquiry, a court considers four factors: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (3)

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 7 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 7 of 18

has the burden of persuasion in arguing for dismissal."[34]

## DISCUSSION

The Tribes assert that they are required parties pursuant to Rule 19.[35] In their view, this Court's implementation of the Ninth Circuit's mandate—determining whether the Metlakatlans traditional fishing grounds included areas in Districts 1 and 2—would "impair or impede" the Tribes' ability to protect their "cultural and property interest[]" in their traditional fishing rights—their *at.óow*.[36] The Tribes contend that Districts 1 and 2 are "entirely within Lingít Aaní and X̱aadas Tlagáa" where the Tlingit clans "held exclusive rights to the fishing sites . . . for over 10,000 years" and the Haida clans "held exclusive rights to their sites far predating the Metlakatlans' arrival."[37] The Tribes maintain that their cultural interest in their traditional exclusive fishing rights is a legally protected interest for Rule 19

---

"whether a judgment rendered in the person's absence would be adequate"; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b). These factors typically require dismissal where the absent party is a tribe with tribal sovereign immunity. *See, e.g.*, *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 998 (9th Cir. 2020) ("The balancing of equitable factors under Rule 19(b) almost always favors dismissal when a tribe cannot be joined due to tribal sovereign immunity."); *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 857 (9th Cir. 2019) ("[W]e have observed that there is a 'wall of circuit authority' in favor of dismissing actions in which a necessary party cannot be joined due to tribal sovereign immunity—'virtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether an alternate remedy is available, if the absent parties are Indian tribes invested with sovereign immunity.'").

[34] *Makah Indian Tribe*, 910 F.2d at 558.

[35] Docket 96 at 20.

[36] Docket 96 at 7, 21 (citing Fed. R. Civ. P. 19(b)).

[37] Docket 96 at 17, 21.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 8 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 8 of 18

purposes.[38]

In addition to their cultural interest, the Tribes maintain that Metlakatla's assertion of fishing rights in areas within Tlingit & Haida's traditional fishing waters jeopardizes the Tribes' "sovereign right and . . . obligation to protect their traditional law and customs and to regulate actions by Tribal citizens and other Indians concerning *at.óow*."[39] Specifically, the Tribes maintain that "where the Metlakatlans argue that *as a community* they are entitled to assert the traditional clan rights of the few individual Tlingit and Haidas who joined the Tsimshian emigrants at the Community's founding," the Community is asking the Court to "usurp[] the Tribes' sovereign authority over these traditional protocols and over the traditional fishing rights held by their clans."[40]

The Tribes further contend that they have current economic interests in this case because if the Metlakatlans are allowed to fish without a State of Alaska limited entry permit and without regulation then "there will be more fisherman competing for dwindling salmon resources at the clans' fishing streams."[41] In the Tribes' view, they have competing claims to fishing rights in Districts 1 and 2, thus

---

[38] Docket 123 at 7-8 (first citing *Chilkat Indian Vill. v. Johnson*, 870 F.2d 1469, 1475 (9th Cir. 1989); and then citing *Bear Lodge Multiple Use Ass'n v. Babbitt*, 175 F.3d 814, 816-817 & n.3 (10th Cir. 1999)).

[39] Docket 96 at 24. *See also* Docket 96 at 26-27 (first citing *Confederated Tribes of the Chehalis Rsrv. v. Lujan*, 928 F.2d 1496, 1499 (9th Cir. 1991) (amended opinion); and then citing *Kescoli v. Babbitt*, 101 F.3d 1304, 1312 (9th Cir. 1996)).

[40] Docket 96 at 25, 27 (emphasis in original).

[41] Docket 96 at 28.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 9 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 9 of 18

rendering the Tribes necessary parties to protect "Tribal citizens' commercial and subsistence opportunities."[42]

Metlakatla disagrees that the Tribes have a legally protected interest related to the subject of this action.[43] Metlakatla maintains that Tlingit & Haida hold "no fishing rights, exclusive or otherwise," to Districts 1 and 2 because those rights were extinguished when Alaska was acquired from Russia, and that Tlingit & Haida relinquished any remaining aboriginal rights through the Tribes' participation in the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. § 1603.[44] In Metlakatla's view, "[p]ermitting the Central Council's *at.óow* to trump the Community's federally created and recognized fishing rights would [impermissibly] elevate a tribal law or custom above the laws of the United States."[45] Further, Metlakatla maintains that this case does not impact the Tribes' sovereignty

---

[42] Docket 96 at 28. *See also* Docket 96 at 29 (first citing *Skokomish Indian Tribe v. Goldmark*, 994 F. Supp. 2d 1168, 1187-88 (W.D. Wash. 2014); and then citing *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1347-48 (6th Cir. 1993)).

[43] Docket 112 at 20-33.

[44] Docket 112 at 22-23 ("[T]he Tlingit-Haida court concluded that 'there is no statutory property right in migratory fish' for which the Central Council 'might receive compensation' and 'no property right to a fishery location based on aboriginal occupancy and use.'" (emphasis omitted) (quoting *Tlingit & Haida Indians of Alaska v. United States*, 182 Ct. Cl. 130, 144 (1968)); Docket 112 at 23 ("ANCSA extinguished '[a]ll aboriginal titles' and 'claims of aboriginal title' based on 'use and occupancy,' including 'any aboriginal . . . fishing rights that may exist.'" (emphasis omitted) (quoting *Alaska v. Native Vill. of Venetie Tribal Gov't*, 522 U.S. 520, 524 (1998)). *See also* Docket 112 at 23 (citing *Vill. of Gambell v. Clark*, 746 F.2d 572, 578-79 (9th Cir. 1984) (explaining that, in ANCSA, "Congress chose to adopt broad language to extinguish all claims made by Alaska Natives based upon aboriginal right, specifically including claims to hunting and fishing rights in offshore waters above the outer continental shelf")).

[45] Docket 112 at 24.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 10 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 10 of 18

because the Tribes have no sovereign authority to regulate the fishing activities of non-members, including the Community; nor, in Metlakatla's view, would this case impact the Tribes' sovereign authority to govern their own members.[46] Lastly, Metlakatla contends that the Tribes' concerns regarding the impact of this case on their commercial and subsistence fishing opportunities is "pure speculation."[47] Metlakatla indicates that it will follow "all gear, net and location restrictions and opening and closing limits imposed by the State consistent with Federal law."[48] And, in Metlakatla's view, because the Tribes lack legally recognizable fishing rights in Districts 1 and 2, the Tribes' interest in maintaining healthy fish returns is insufficient to render the Tribes necessary parties in this case.[49]

It appears that the Tribes are not asserting that they presently have substantive fishing rights that are legally protected; rather, the Tribes assert that the cultural aspect of their historic traditional fishing rights, their *at.óow*, is a legally

---

[46] Docket 112 at 26-29 (citing *Montana v. United States*, 450 U.S. 544, 564 (1981) ("[R]egulation of hunting and fishing by nonmembers of a tribe on lands no longer owned by the tribe bears no clear relationship to tribal self-government or internal relations.")).

[47] Docket 112 at 30.

[48] Docket 112 at 31.

[49] Docket 112 at 32-33. Metlakatla also argues that the Tribes, as third parties, may only participate in this litigation as intervenors pursuant to Federal Rule of Civil Procedure 24, but that the Tribes failed to timely intervene. Docket 112 at 33-38. The Court agrees with the Tribes that they may appear for the limited purpose of moving to dismiss this case pursuant to Rule 19 and Rule 12(b)(7). *See* Docket 123 at 16-17 (citing *Holl v. Avery*, Case No. 3:24-cv-00273-JLR, 2025 WL 1785887, at *4–5 (D. Alaska June 27, 2025) (dismissing for inability to join federally recognized Tribe that appeared in that matter for the limited purpose of moving to dismiss the action for lack of subject matter jurisdiction due to the Tribe's sovereign immunity, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to join an indispensable party pursuant to Rules 12(b)(7) and 19")).

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 11 of 18
Case 5:20-cv-00008-SLG    Document 129    Filed 11/10/25    Page 11 of 18

protected interest sufficient to make them necessary parties in this case. While the Court recognizes that the Tribes' *at.óow* is an important component of the Tribes' history and culture, the Court is not persuaded that the Tribes' cultural interest in its historic traditional fishing rights suffices as a legally protected interest for Rule 19 purposes.

In support of their claim that the Tribes' *at.óow* is a legally protected interest for Rule 19 purposes, the Tribes rely on *Chilkat Indian Village v. Johnson* and *Bear Lodge Multiple Use Ass'n v. Babbitt*.[50] The Tribes contend that, in *Chilkat Indian Village*, the Village "sought to enforce its own laws regulating the use and conveyance of tribal cultural property," and the "Ninth Circuit deemed the Tribe's interest in enforcing its sovereign laws to be a claim cognizable under federal law."[51] In that case, the Village sued 17 individual defendants—comprised of both tribal members and non-members—alleging that they had "violated a Village ordinance and federal law by removing Tlingit Native artifacts" from the area where the Village was located.[52] The district court had dismissed the Village's complaint for lack of subject matter jurisdiction after finding that the Village failed to state a

---

[50] Docket 123 at 7-8 (first citing *Chilkat Indian Vill. v. Johnson*, 870 F.2d 1469, 1475 (9th Cir. 1989); and then citing *Bear Lodge Multiple Use Ass'n v. Babbitt*, 175 F.3d 814, 816-817 & n.3 (10th Cir. 1999)).

[51] Docket 123 at 7 (citing *Chilkat Indian Vill.*, 870 F.2d at 1475).

[52] *Chilkat Indian Vill.*, 870 F.2d at 1470.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 12 of 18
Case 5:20-cv-00008-SLG    Document 129    Filed 11/10/25    Page 12 of 18

cause of action arising under federal law.[53] But the Ninth Circuit reversed in part, holding that "the Village's claim of the sovereign power to enact a valid ordinance, applicable to non-Indians regulating tribal artifacts on its fee lands is equally based on a disputed federal claim."[54] Further, "[t]he extent of the 'reserved' power alleged by the Village is determined by federal common law, and the extent of the Village's power under the [Indian Reorganization Act] depends upon the construction of that federal statute."[55] As such, the Ninth Circuit held that the issue arose under federal law and the district court had subject matter jurisdiction over the case.[56]

The Tribes are correct that the Ninth Circuit held in *Chilkat* that a tribe's enforcement of its tribal ordinance against non-tribal members regarding tangible property on tribal lands presented a cognizable claim under federal law. However, *Chilkat* did not address whether tribes have a legally protected interest in their cultural property or a legally protected interest over an action arising on nontribal lands or, in this case, nontribal waters. The ordinance at issue in *Chilkat* involved tangible artifacts that were removed from tribal land, and the tribal ordinance prohibited removing traditional artifacts without permission of the village council.[57] The Circuit Court "accepted as true the allegations of the complaint" that the Village

---

[53] *Id.*

[54] *Id.* at 1475.

[55] *Id.* (citing *Nat'l Farmers Union Ins. Cos. v. Crow Tribe,* 471 U.S. 845 (1985)).

[56] *Id.*

[57] *Id.* at 1471.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 13 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 13 of 18

"ha[d] a paramount proprietary interest in the artifacts" for purposes of deciding the jurisdictional question.[58] In contrast, here, the Tribes do not claim any interest in tangible property or that any such property is being removed from tribal lands under the Tribes' control. Nor are the Tribes seeking to enforce a tribal ordinance. The Court finds that *Chilkat* does not support a finding that a tribal cultural interest in traditional fishing rights is a legally protected interest for Rule 19 purposes.

The Tribes also contend that, in *Bear Lodge*, "the Tenth Circuit recognized the Cheyenne River Sioux Tribe's cultural interest in Devils Tower was a basis for intervention before the district court."[59] In that case, a group of climbers challenged the Secretary of Interior's Final Climbing Management Plan for Devils Tower National Monument.[60] The climbers challenged the portion of the plan that asked the climbers to voluntarily refrain from climbing during the month of June "when American Indians engage in Sun Dance and other ceremonies" at Devils Tower.[61] The tribe had intervened before the district court. On appeal, the Tenth Circuit observed that Devils Tower is a "sacred site of special religious and cultural significance" and also noted that "numerous . . . laws generally protect Indian religion and allow access to and/or temporary closure of specific tribal sacred sites

---

[58] *Id.* at 1471 n.4.

[59] Docket 123 at 8 (citing *Bear Lodge*, 175 F.3d at 816-817 & n.3).

[60] *Bear Lodge*, 175 F.3d at 815-16.

[61] *Id.* at 815.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 14 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 14 of 18

location on federal lands."[62] The Tenth Circuit held that the climbers failed to allege an injury and, therefore, they lacked standing to sue.[63] The appeal did not address whether the tribe's asserted cultural interest was a proper basis for intervention, as that issue was not on appeal. In sum, the Tribes have failed to persuade the Court that their cultural and historical interest in their traditional fishing practices in what is now Alaska's Districts 1 and 2 fishing areas is a legally protected interest for Rule 19 purposes.

The Court agrees with the Tribes that their sovereign interests are legally protected interests for Rule 19 purposes. However, the Tribes have not shown that their sovereign interests are "relat[ed] to the subject of the action."[64] Nor is the Court persuaded that this case would "as a practical matter, impair or impede the [Tribes'] ability to protect the interest."[65] The Ninth Circuit has directed this Court to decide the narrow question of whether "the areas where [the Metlakatlans] have fished since time immemorial and where they continued to fish in 1891 when their reservation was established" include the waters within Districts 1 and 2.[66] The Court is not determining aboriginal rights to fish in Southeast Alaska;[67] nor is this

---

[62] *Id.* at 816 & n.3, 818.

[63] *Id.* at 816

[64] Fed. R. Civ. P. 19(a)(1)(B).

[65] Fed. R. Civ. P. 19(a)(1)(B)(i).

[66] *Metlakatla*, 58 F.4th at 1045, 1048.

[67] The State maintains that *Tlingit & Haida Indians v. United States*, 177 F. Supp. 452 (Ct. Cl. 1959), dictates that "[b]ecause the Tlingit and Haida had exclusive use of Southeast Alaska's

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 15 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 15 of 18

Court determining the scope of the Tribes' traditional fishing rights in those waters or whether those rights were exclusive or nonexclusive.[68]

The Tribes' ability to govern their own members is also not implicated in this case; nor will the Court's decision here impede the Tribes' ability to assert their sovereign interests with each other or other tribes. The Tribes express concern that Metlakatla will rely on the historical fishing practices of Tlingit & Haida clan members that joined the Community to establish the scope of the Community's fishing rights in this case.[69] The Tribes assert that this would impede the Tribes' sovereign interests, because when Metlakatla seeks to derive its traditional fishing rights from Tlingit & Haida clan members, "the Tribes have the inherent sovereignty to regulate the scope of those rights."[70] As this Court has previously noted, the

---

waters, *no one – including the Metlakatla Indian Community – can successfully assert* they had a traditional *non-exclusive* fishing location in Southeast Alaska prior to the federal government's adoption of the open fisheries policies in 1896; a policy adopted 5 *years after* Congress created the Annette Islands Reserve." Docket 111 at 3 (emphasis in original). In *Tlingit & Haida Indians*, the Court of Claims found that "as of 1867 the Tlingit and Haida Indians exclusively used and occupied all of that area of southeastern Alaska claimed by those Indians and shown on a map introduced in evidence. . . ." 177 F. Supp. at 457. But Metlakatla is not bound by a factual determination made in a case in which it was not a party. *See Montana v. United States,* 440 U.S. 147, 153-54 (1979). *See also Tlingit and Haida Indians of Alaska v. United States*, 389 F.2d 778, 786, 787 (Ct. Cl. 1968) (holding on remand of the 1959 case that "[t]here are no exclusive rights to fish in Indians" and that "there is no compensable statutory property right in migratory fish for which plaintiffs might receive compensation. Nor is there a property right to a fishery location based on aboriginal occupancy and use.").

[68] *See* Docket 112 at 16 (According to Metlakatla, "Tlingit and Haida tribes traditionally only claimed property rights in freshwater rivers and streams or the intertidal zone, not the marine water areas where the Community's reserved fishing rights are located.").

[69] Docket 123 at 11.

[70] Docket 123 at 12.

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 16 of 18
Case 5:20-cv-00008-SLG   Document 129   Filed 11/10/25   Page 16 of 18

1891 Act "set apart as a reservation" for "those people known as Metlakahtlans [sic] who, on March 3, 1891, had recently emigrated from British Columbia to Alaska, *and such other Alaskan natives as may join them*, to be held and used by them in common."[71] Thus, in the Court's June 2024 summary judgment order, the Court held that it would look to prior fishing practices of those in the Community in 1891, including those Alaska Natives, including Tlingit & Haida, that joined them at that time.[72] In the Court's view, this does not impact the Tribes' sovereignty because the Court's task is not to determine or consider the "'ancestral' right[s]" of these Community members;[73] rather, in determining the scope of the reserved right created in 1891, the Court's task is to determine "whether the Community's traditional off-reservation fishing grounds included the waters within Alaska's Districts 1 and 2."[74]

Lastly, the Tribes' reliance on economic and subsistence interests is insufficient to render the Tribes to be necessary parties to this action. A "financial stake" is not enough to show a legally protected interest; nor are speculative claims about future events, such as the impact of the outcome of this case—the merits of which have not been adjudicated—on fishing opportunities for the Tribes' clan

---

[71] Docket 70 at 4 n.14 (emphasis added) (quoting the 1891 Act, as codified at 25 U.S.C. § 495).

[72] Docket 70 at 20.

[73] Docket 123 at 11.

[74] Docket 70 at 25 (quoting *Metlakatla*, 58 F.4th at 1045).

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 17 of 18
Case 5:20-cv-00008-SLG    Document 129    Filed 11/10/25    Page 17 of 18

members in Southeast Alaska.[75]

In sum, the Court finds that the Tribes have failed to carry their burden to show that they are necessary parties to this case because they have not identified a legally protected interest "relat[ed] to the subject of the action" and that this case would "impair or impede the [Tribes'] ability to protect the interest."[76]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the Tribes' Motion to Dismiss at Docket 96 is **DENIED**. Pursuant to the Court's order at Docket 110, the parties shall submit a proposed schedule for briefing on the State's Motion for Summary Judgment and other deadlines **within 14 days of the date of this order**.

DATED this 10th day of November, 2025, at Anchorage, Alaska.

/s/ *Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[75] See *Makah Indian Tribe*, 910 F.2d at 558.

[76] Fed. R. Civ. P. 19(a)(1)(B)(i).

Case No. 5:20-cv-00008-SLG, *Metlakatla Indian Community v. Dunleavy, et al.*
Order on Motion to Dismiss
Page 18 of 18
Case 5:20-cv-00008-SLG    Document 129    Filed 11/10/25    Page 18 of 18